IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **DATATRAK INTERNATIONAL, INC.** | ) | CASE NO. 1:11-cv-00458 |
| 6150 Parkland Blvd. Suite 100 | ) | |
| Mayfield Hts., Ohio  44124, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **MEDIDATA SOLUTIONS, INC.** | ) | |
| 79 Fifth Avenue, 8th Floor | ) | |
| New York, New York  10003, | ) | |
| | ) | |
| Defendant. | ) | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Pursuant to Federal Rule of Civil Procedure 15(a), Plaintiff, DATATRAK International, Inc. ("DATATRAK"), files this First Amended Complaint against Defendant, Medidata Solutions, Inc. ("Medidata"), and hereby complains and avers as follows:

1. This is an action for patent infringement under 35 U.S.C. §1 *et seq*.

**PARTIES**

2. Plaintiff DATATRAK is a corporation existing under the laws of the State of Ohio, with its headquarters located at 6150 Parkland Blvd. Suite 100, Mayfield Hts., Ohio 44124. DATATRAK is a leading provider of information technology to the clinical trial industry.

3. Defendant Medidata is, upon information and belief, a corporation existing under the laws of the State of Delaware, with offices at 79 Fifth Avenue, 8th Floor, New York, New York 10003. Medidata is a direct competitor of DATATRAK.

4. Upon information and belief, Medidata does business in Ohio, and has delivered products and/or services in this District.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, Defendant regularly solicits and conducts business in, derives substantial revenue from products or services used or consumed in, and/or has offered for sale and/or sold infringing products or services in the State of Ohio and this District. Personal jurisdiction over Defendant is proper in this District. *See* O.R.C. § 2307.382.

7. Venue obtains in this District pursuant to 28 U.S.C. §§1391 and 1400(b).

## DATATRAK'S PATENT RIGHTS

8. DATATRAK owns all right, title and interest in and to United States Letters Patent No. 7,464,087, entitled "Method and System of Unifying Data" (the "'087 Patent"), which was duly and legally issued by the United States Patent and Trademark Office on December 9, 2008. A copy of the '087 Patent is attached as Exhibit A.

9. The '087 Patent claims methods and systems directed to searching for and unifying data stored in a variety of heterogeneous databases. For example, using the invention in the clinical trial industry, a user can retrieve real-time "heart rate" data from several different databases with one search, even if the data is stored with different labels, such as "HR," "HEART RATE REST," "BPM."

## COUNT I
### (Patent Infringement -- 35 U.S.C. §271)

10. DATATRAK incorporates by reference all allegations set forth in the paragraphs above as if fully rewritten herein.

11. Defendant has been on actual notice of the '087 Patent since at least on or about January 21, 2011.

12. Before and after January 21, 2011, Defendant made, used, offered to sell, and sold the Medidata Rave® software ("Medidata Rave").

13. According to an application to obtain a federal registration for the Medidata Rave trademark, Medidata Rave is software for enabling clinical researchers to collect data on their subjects.

14. Defendant continues to make, use, offer to sell, and sell Medidata Rave.

15. Defendant Medidata has directly infringed and continues to directly infringe one or more claims of the '087 Patent by making, using, offering to sell and/or selling products or services for unifying data from a plurality of sources, including Medidata Rave, within this District and throughout the United States.

16. Medidata Rave users include people involved in clinical trial data collection and management, such as doctors, nurses, technicians, assistants, aides, analysts, trial sponsors, investigators, consultants, and contractors.

17. Medidata Rave users directly infringe one or more claims of the '087 Patent by using Medidata Rave to unify and query clinical trial data.

18. Upon information and belief, Medidata Rave users use Medidata Rave, alone and in combination with other software or products, to directly infringe the '087 Patent.

19. Upon information and belief, Defendant actively encourages Medidata Rave users to directly infringe the '087 Patent in Defendant's product descriptions, advertising of Medidata Rave and training materials.

20. For example, Medidata operates a website located at www.mdsol.com, which advertises and describes Medidata Rave.

21. Medidata's website contains statements actively inducing users of Medidata Rave to directly infringe the '087 Patent.

22. In addition, upon information and belief, Defendant regularly demonstrates to users and potential users of Medidata Rave how Medidata Rave can be used to unify multiple data sources containing electronic medical records stored in a variety of heterogeneous databases, and to search those sources, as claimed in the '087 Patent.

23. Medidata Rave is not a commodity or staple article of commerce suitable for substantial non-infringing uses.

24. Medidata Rave is a material component specially designed to unify and search data stored in a variety of heterogeneous databases, as claimed in the '087 Patent.

25. For example, a document available on Medidata's website, which promotes Medidata Rave, instructs users to "centrally manage all your clinical data in real time, regardless of the source" and illustrates this use as follows:



26. Upon information and belief, Defendant affirmatively intends to cause Medidata Rave users to directly infringe the '087 Patent by using Medidata Rave and knows Medidata Rave is especially designed to infringe the '087 Patent.

27. Upon information and belief, in some instances, Medidata actively controls or directs the acts of Medidata Rave users, resulting in joint acts of infringement.

28. Defendant's acts of infringement will continue unless enjoined by this Court.

29. Defendant's acts of infringement have caused and will continue to cause DATATRAK substantial and irreparable injury for which DATATRAK is entitled to receive injunctive relief and damages adequate to compensate it for such infringement.

30. Upon information and belief, Defendant's acts of infringement are willful and deliberate, without license and with full knowledge and awareness of the '087 Patent.

31. The harm to Plaintiff DATATRAK within this District and elsewhere in the United States resulting from the acts of infringement of the '087 Patent by the Defendant is irreparable, continuing, and not fully compensable by money damages.

32. Upon information and belief, Defendant has profited and will continue to profit by its wrongful activities.

33. Plaintiff DATATRAK has been and will be damaged by Defendant's infringing activities in an amount that cannot be determined without an accounting.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DATATRAK prays for judgment in its favor and against Defendant, awarding it the following relief:

(a) A preliminary and permanent injunction against further infringement (directly, jointly, indirectly, contributorily, by inducement or otherwise) of the '087 Patent by Defendant, its officers, directors, employees, agents, licensees, servants, successors, and assigns, and any and all persons acting on its behalf;

(b) An accounting to establish DATATRAK's damages;

(c) An award of damages against Defendant in the full amount established by DATATRAK;

(d) A determination that Defendant's infringement is willful and that the award of damages be trebled pursuant to 35 U.S.C. § 284;

(e) An assessment of interest, costs and expenses in favor of DATATRAK and against Defendant;

(f) A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to DATATRAK of reasonable attorney fees; and

(g) Such other and further relief as may be just and proper.

July 15, 2011                                        Respectfully submitted,

       */s/ Daniel J. McMullen*
DANIEL J. MCMULLEN (0034380)
E-mail: dmcmullen@calfee.com
GEORGIA YANCHAR
E-mail: gyanchar@calfee.com
MARK A. WATSON (0083232)
E-mail: mwatson@calfee.com
CALFEE, HALTER & GRISWOLD LLP
1400 KeyBank Center
800 Superior Avenue
Cleveland, OH 44114-2688
216-622-8200
FAX: 216-241-0816

Attorneys for Plaintiff

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38.1 of the Local Rules of this Court, Plaintiff DATATRAK hereby demands a jury trial.

July 15, 2011                                  Respectfully submitted,


                                               __/s/ Daniel J. McMullen_____
                                               DANIEL J. MCMULLEN (0034380)
                                               E-mail:  dmcmullen@calfee.com
                                               GEORGIA E. YANCHAR (0071458)
                                               E-mail:  gyanchar@calfee.com
                                               MARK A. WATSON (0083232)
                                               E-mail:  mwatson@calfee.com
                                               CALFEE, HALTER & GRISWOLD LLP
                                               1400 KeyBank Center
                                               800 Superior Avenue
                                               Cleveland, OH  44114-2688
                                               216-622-8200
                                               FAX:  216-241-0816

                                               Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of July, 2011, a copy of the foregoing FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT was filed electronically with the Court and served by electronic means on all counsel having made an appearance in the matter.

                                                */s/ Daniel J. McMullen*
                                                One of the Attorneys for the Plaintiff