# PROTECTIVE ORDER
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DATATRAK INTERNATIONAL, INC. | ) | CASE NO. 1:11-cv-00458 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | PATENT PROTECTIVE ORDER |
| | ) | |
| MEDIDATA SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

    Pursuant to the parties' stipulation and the Order dated August 19, 2011, the Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

    1.    **Scope.** All disclosures, affidavits and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.    **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL") or "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") or TECHNICAL ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "TECHNICAL ATTORNEYS EYES ONLY") on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY. Thereafter any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced which cannot itself be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL

ATTORNEYS EYES ONLY, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation the parties may agree temporarily to designate original documents that are produced for inspection CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY as required under this Order and thereafter the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

       3. **Documents Which May be Designated CONFIDENTIAL.** Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

       4. **Documents Which May be Designated ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY.**

    **(a)** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

    **(b)** Any party may designate documents as TECHNICAL ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information that should be protected from disclosure as technical trade secrets or other highly sensitive technical information, the disclosure of which is likely to cause significant harm to the business or competitive position of the designating party.

       5. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

       6. **Protection of Confidential Material.**

(a) **Protection of Documents Designated CONFIDENTIAL.** Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity except as set forth in subparagraphs (1)-(7). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2) **Parties.** Parties and employees of a party to this Order.

(3) **The Court.** The Court and its personnel.

(4) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(5) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was aware of the designated document.

(6) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(7) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(b) **Protection of Documents Designated ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY to any third person or entity except as set forth in subparagraphs (1)-(6). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY.

(1) **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for the preparation and trial of the action.

(2) **The Court.** The Court and its personnel.

(3) **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

(4) **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document, and any person who has previously seen or was previously aware of the designated document.

   (5) **Consultants, Investigators and Experts.** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

   (6) **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  (c) **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 1 year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

  (d) **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents .

  (e) **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY shall be governed by Fed. R. Evid. 502.

  (f) **Prosecution Bar.** Persons who have accessed TECHNICAL ATTORNEYS EYES ONLY information shall during the course of the litigation and thereafter, for a period of time ending one (1) year after the conclusion of the litigation and any appeals, be barred from participating in patent claim drafting or prosecution directed to unifying data from a plurality of heterogeneous databases including reexamination proceedings for such patents.

 7. **Filing of CONFIDENTIAL or ATTORNEYS EYES ONLY or** TECHNICAL ATTORNEYS EYES ONLY **Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or other papers under seal. To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

  (a) Before any exhibit designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit or a redacted version of the exhibit may be filed with the Court not under seal.

  (b) Where agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the electronic case filing procedures of this Court.

  (c) Where filing electronically under seal is not possible or adequate, before an exhibit designated for protection under this Order is filed with the Clerk, it shall be placed in a

sealed envelope marked CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY, which envelope shall also display the case name, docket number, a designation of what the exhibit is, the name of the party in whose behalf it is submitted, and the name of the attorney who has filed the exhibit on the front of the envelope. A copy of any exhibit filed under seal shall also be delivered to the judicial officer's chambers.

(e) To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper, a public and a sealed version. The public version shall contain a redaction of references to CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

8. **Challenges by a Party to a Designation for Protection Under this Order.** Any CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL or ATTORNEYS EYES ONLY or TECHNICAL ATTORNEYS EYES ONLY designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion under Local Rule 7.1 and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order least five (5) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (<u>i.e.</u>, by Bates number, page range, deposition transcript lines, etc.).

Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) **Return of Documents Designated for Protection Under this Order.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all documents

designated for protection under this Order, including copies as defined in ¶6(d), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

  (c) **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

  12. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the presiding judge's standing orders or other relevant orders.

  13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

  14. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

  **So Ordered.**

Dated:_____     _____
                  District Judge

**WE SO STIPULATE**
**and agree to abide by the**
**terms of this Order.**

By: */s/ Georgia E. Yanchar*
Daniel J. McMullen (0034380)
dmcmullen@calfee.com
Georgia E. Yanchar (0071458)
gyanchar@calfee.com
Jennifer B. Wick (0074340)
jwick@calfee.com
Mark A. Watson (0083232)
mwatson@calfee.com
CALFEE, HALTER & GRISWOLD, LLP
800 Superior Ave., Suite 1400
Cleveland, OH  44114
Phone: (216) 622-8200
Fax: (216) 241-0816

Attorneys for Plaintiff


By: *s/ David A. Schaefer*
    David A. Schaefer
    das@mccarthylebit.com
    McCARTHY, LEBIT, CRYSTAL &
    LIFFMAN CO., LPA
    101 West Prospect Avenue, Suite 1800
    Cleveland, Ohio 44115
    (216) 586-5479 (Telephone)
    (216) 696-1210 (Facsimile)

    Janine A. Carlan
    carlan.janine@arentfox.com
    Aziz Burgy
    burgy.aziz@arentfox.com
    Alec P. Rosenberg
    rosenberg.alec@arentfox.com
    Arent Fox LLP
    Attorneys at Law
    1050 Connecticut Avenue, NW
    Washington, DC  20036-5339
    202.857.6000 (Telephone)
    202.857.6395 (Facsimile)


    Attorneys for Defendant Medidata Solutions, Inc.

**FORM PROTECTIVE ORDER ATTACHMENT A**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DATATRAK INTERNATIONAL, INC. | ) | CASE NO. 1:11-cv-00458 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | STIPULATED PATENT PROTECTIVE |
| | ) | ORDER |
| MEDIDATA SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Ohio in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER or TECHNICAL ATTORNEYS EYES ONLY SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:   _____

_____

_____

Date: _____      Signature: _____

Case: 1:11-cv-00458-PAG Doc #: 26 Filed: 08/30/11 9 of 9. PageID #: 361