**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Datatrak International, Inc.,** | ) | **CASE NO. 1:11 CV 458** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Medidata Solutions, Inc.,** | ) | <u>**Order of Stay**</u> |
| | ) | |
| **Defendant.** | ) | |

### **INTRODUCTION**

This matter is pending before the Court upon Medidata's Motion to Stay Litigation Pending Ex Parte Reexamination of the Patent-in-Suit (Doc. 30). This is a patent infringement case. For the reasons that follow, the motion is GRANTED.

### **FACTS**

Only those facts necessary for a resolution of the instant motion are set forth herein.

Plaintiff, Datatrak International, Inc., filed this lawsuit against defendant, Medidata Solutions, Inc., alleging patent infringement of U.S. Patent No. 7,464,087 (the "patent-in-suit"). Plaintiff and defendant are competitors. Although the parties engaged in mediation efforts, this

1

case is still in the very early stages of litigation. The parties have yet to exchange claims construction materials, no *Markman* ruling has issued, no depositions have been conducted, and no summary judgment motions have been filed. During the pendency of the mediation, the parties jointly moved to stay this case in the hopes that the mediation would resolve this dispute. Those efforts were not successful and, shortly thereafter, defendant filed a request for *ex parte* reexamination with the United States Patent and Trademark Office ("USPTO"). The USPTO has not yet determined whether to grant defendant's request for reexamination.

Defendant now moves to stay the litigation until the reexamination, if granted, is complete. Plaintiff opposes the motion.

**LAW AND ANALYSIS**

**A. Stay**

A district court has the power to stay litigation pending the outcome of patent reexamination proceedings through the inherent power to manage its own docket. *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts weigh three factors in determining whether to grant such a stay: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *01 Communique Lab., Inc. v. Citrix Sys.,* No. 06CV0253, 2008 U.S. Dist. LEXIS 19241, at *4 (N.D. Ohio March 12, 2008) (citing *Xerox Corp. v. 3Com Corp.,* 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999)). Courts often also consider whether the party seeking the stay has done so in good faith or for the purposes of delay. *Id.*

**1.    Prejudice**

Defendant argues that plaintiff will not be prejudiced by the stay because plaintiff obtained its patent in 2008 and did not contact defendant regarding infringement issues for over three years.  Defendant also points out that plaintiff itself asked the Court to stay this case pending the parties' mediation.  Defendant also argues that plaintiff did not serve the complaint until nearly six months after filing it with the Court.  Defendant points out that a stay will not impact plaintiff's ability to collect monetary damages with respect to the claims that survive reexamination and that plaintiff sought no preliminary injunctive relief.  As such, plaintiff recognizes that money damages will suffice to remedy any alleged infringement.  Defendant further argues that reexamination will occur in a relatively short period of time and that plaintiff has some degree of control over the length of time, as plaintiff can choose to participate in a USPTO pilot program in which patent owners forego an owner's statement and plaintiff can choose to respond to inquiries from the USPTO promptly.  In fact, in defendant's reply brief, defendant notes that plaintiff did not file an owner's statement.

In response, plaintiff argues that defendant fails to address what hardship or inequity it will suffer if this case proceeds.  Plaintiff also claims that it will suffer irreparable harm because plaintiff and defendant are direct competitors.  According to plaintiff, defendant continues to sell the infringing product and each sale denies plaintiff market opportunities and impairs its ability to increase market share.

Upon review, the Court finds that plaintiff has not demonstrated undue prejudice.[1]  Delay

---

[1] Plaintiff cites to *Landis v. North American Co.*, 299 U.S. 248 (1936) for the proposition that defendant must establish that it would suffer a "clear case of hardship or inequity" by being required to proceed with the litigation.  The Court finds that *Landis* is not on point.  *Landis*, which was decided 75 years ago,

due to the reexamination process is not itself a reason to find prejudice against plaintiff. *See Allied Erecting and Dismantling Co., Inc., v. Genesis Equip. and Mfrg., Inc.,* No. 4:08CV589, 2010 U.S. Dist. LEXIS 92851, at *6-7 (N.D. Ohio Aug. 16, 2010) ("While some prejudice to Plaintiffs is inherent in any delay, this alone is not sufficient to prevent a stay. If it were, few if any patent cases would be stayed pending reexamination by the PTO."). Additionally, the Court finds that neither party has engaged in deliberate delay tactics– plaintiff could not reasonably be expected to file a lawsuit at the first moment it suspects its patent might be implicated in a competitor's product, especially without the investigation and actual knowledge to support such a claim. Similarly, defendant waited until just after the mediation failed to ask the USPTO to reexamine the patent-in-suit. Plaintiff agreed to a stay while the mediation proceeded. The Court finds that any delay is reasonable given that a successful mediation would have avoided the expense associated with a reexamination proceeding as well as litigation costs in this matter.[2] Thus, the Court does not find that defendant unreasonably delayed in asking for reexamination. Nor does the Court find that any delay in asserting its patent rights or failure to aggressively litigate this matter should be held against plaintiff. Rather, the Court simply finds that plaintiff fails to identify any prejudice which would result from a stay of this case. Plaintiff also does not identify any clear tactical disadvantage that it will suffer as a result of any delay.

---

    addressed staying litigation involving different parties. Moreover, it was not a patent case, which the Court finds particularly important since the USPTO will decide issues having a direct effect on this case.

[2] Both parties argue that the other unreasonably delayed. The Court has reviewed all of the contentions and finds that, taken as a whole, the parties acted reasonably given the circumstances.

4

The Court also rejects plaintiff's argument that it will suffer irreparable harm during the delay caused by the reexamination due to defendant's direct competition and increasing market share. The reality is that proceeding with the litigation would not avoid this harm as defendant would presumably continue to develop and promote its competing product throughout the litigation. Additionally, the reexamination may streamline the issues to an extent that the litigation itself is shortened. Accordingly, plaintiff has not shown undue prejudice in the form of irreparable harm.

### 2. Simplification of Issues

Defendant argues that a stay would simplify the issues in the case. Defendant also argues that in the majority of *ex parte* reexaminations, the USPTO changes or modifies claims, and if entire claims are canceled, the litigation will be greatly simplified. According to defendant, 77% of all patents which have been reexamined since 1981 have had changes made to the claims. Defendant also argues that if claim language is only changed, a stay would be beneficial because the parties would not waste resources on claim language that ends up being moot. Defendant further claims that even if the patent emerges unchanged from the reexamination, the litigation would be streamlined because the record of reexamination would be available to assist the Court. In addition, defendant argues that in the event the USPTO changes claim language, the parties may need to engage in supplemental discovery to address new infringement and invalidity theories. The Court may also need to reevaluate previously decided claim construction determinations. Further, settlement may be impeded if the parties believe that the claim language may be changed as a result of the reexamination proceedings.

Plaintiff responds that a stay would not simplify the issues because the reexamination

will likely not result in amendment or cancellation of the claims. Plaintiff points out that defendant does not identify any prior art or provide any analysis supporting its position that the patent office will modify or cancel claims. Plaintiff also argues that defendant's statistics are skewed. According to plaintiff, only 11% of the patents that are reexamined are determined to be "void ab initio." Thus, according to plaintiff, unless the USPTO invalidates the entire patent, plaintiff will seek the same discovery regardless of whether any amendments occur. Plaintiff also points out that in 23% of the cases, the patent emerges from the reexamination proceeding with all claims confirmed. As a result, plaintiff argues that the likeliest outcome is that the patent will emerge with at least some claims intact. According to plaintiff, even if some claims change, there is no basis to "shut down" this litigation for years. Plaintiff claims that, at worst, an amendment to a claim might require limited supplemental claim construction. Plaintiff also argues that, because reexamination does not result in estoppel, reexamination will not resolve any of the issues in this case because the parties are allowed to revisit the USPTO's determinations in the course of this litigation. In addition, the USPTO cannot address all of the relevant issues, including infringement and "other invalidity defenses."

Upon review, the Court finds that simplification of the issues weighs in favor of granting a stay. The reexamination data from the USPTO for 2010 shows that since the inception of *ex parte* reexaminations in 1981, over 90% of requests for *ex parte* reexaminations have been granted. Thus, it is likely the PTO will grant defendant's request for reexamination. Further, 77% of all patents which have been reexamined since 1981 have either had all claims canceled or changes made to the claims. Thus, it is also likely at least some of the patent's claims will be changed upon reexamination. Plaintiff is correct that defendant is not bound by the results of the

*ex parte* reexamination and that defendant's basis for reexamination constitutes only a fraction of the issues in this case. If claims are canceled or changed, however, it would simplify the issues pertaining to defendant's arguments on invalidity based on prior art. Even if all the claims are confirmed by the USPTO, the record of reexamination is still likely to be entered at trial, reducing the length and complexity of the litigation. *See Nidec Corp. v. LG Innotek Co., Ltd.*, No. 6:07cv108, 2009 WL 3673433, at *2 (E.D. Tex. April 3, 2009). Additionally, if claims are canceled or changed, it may simplify the issues with respect to the invalidity arguments defendant will presumably assert during the litigation. Granting a stay will also avoid duplication of efforts by the Court should the claim language be changed.

### 3. Stage of the Case

Defendant argues that a stay is appropriate because litigation is in its infancy. According to defendant, it sought a stay well in advance of the time period required by the Local Patent Rules. Defendant also argues that it did not unreasonably delay in requesting a stay in that it filed its request immediately after learning that the mediation did not prove successful. Plaintiff argues that the parties have served and responded to discovery requests and infringement contentions have been exchanged. According to plaintiff, defendant delayed in this matter by repeatedly failing to disclose its own technology. In other places throughout its brief, plaintiff claims that defendant's request is premature in that the USPTO has yet to accept defendant's request for reexamination. As such, plaintiff claims that this motion is yet another "hide-the-ball" tactic.

Upon review, the Court finds that this factor weighs heavily in favor of granting a stay, even prior to the USPTO issuing its decision on whether to grant defendant's reexamination

7

request.  This case is in a very early stage, and discovery has barely begun.  No depositions have occurred and the case was previously stayed pending the parties' mediation.  Claim construction has yet to occur and no dispositive motions have been filed.  While the USPTO has not yet granted defendant's request, it will decide whether to reexamine the patent by January 27, 2012.  Should the USPTO decide to deny the request, the delay of several weeks will be insignificant to the course of this case.  Moreover, the Court finds that because the case is at such an early stage, a stay of the entire case, including discovery and claim construction, is appropriate.  Accordingly, the Court finds that the third factor also weighs in favor of a stay.

### B. Alternative relief

#### 1. Estoppel

Plaintiff requests that the Court order relief in the alternative to issuing a stay.  Specifically, plaintiff argues that this Court should issue a stay only upon the condition that defendant agrees not to raise any of the issues decided by the USPTO again during the course of this litigation.  In essence, plaintiff argues that defendant should be estopped from raising certain invalidity issues here.  Defendant claims that the issue of estoppel is for Congress and not this Court.  According to defendant, Congress determined that estoppel should apply only with respect to *inter partes* reexamination proceedings.  As such, the Court should not estop defendant from raising issues in this litigation that are addressed in an *ex parte* reexamination proceeding.

This Court agrees with defendant.  Congress must decide whether estoppel applies to reexamination proceedings.  This Court's power to stay this matter derives from its inherent authority to control its docket.  The Court will not condition a stay on defendant foregoing its

right to challenge validity issues before this Court. While this factor may weigh on whether a stay is appropriate, the Court finds that the fact that defendant may be able to reargue in this litigation certain issues presented to the USPTO during the reexamination proceeding does not tip the scales in this case. Accordingly, plaintiff's request is denied.

### 2. Discovery

Plaintiff argues that there is no reason discovery should be delayed until after the reexamination is complete. According to plaintiff, such a procedure will not waste the Court's resources. Plaintiff argues that, at a minimum, third-party discovery should be allowed to proceed. According to plaintiff, third-parties have no duty to preserve documents and any evidence may be destroyed as time passes. Plaintiff claims that third-party discovery is necessary to determine the "interoperability" of defendant's technology with other applications and data sources. In response, defendant argues that the reexamination procedure is likely to affect infringement and damages issues. Defendant claims that the arguments plaintiff will likely need to make in order to defend its patent will be directly relevant to claim construction, which will affect infringement and damages. Moreover, defendant claims that it is impractical to separate out issues impacted by the reexamination from other issues and that ancillary disputes would surely arise. Defendant also argues that third-party discovery is not necessary now. According to defendant, the "interoperability" issue is merely hypothetical. Moreover, plaintiff incorrectly assumes that defendant does not itself possess information relevant to this issue.

Upon review, the Court finds that a stay of the entire case is warranted. This case is in its early stages and the Court is not convinced that the *possibility* that third-parties might not retain evidence is a sufficient basis on which to require non-parties to participate in discovery of an

9

otherwise stayed action. This is especially so in light of the fact that the outcome of the reexamination proceedings might affect the nature and scope of all discovery.

### 3. Completion of USPTO Review

Plaintiff argues that, in the event the Court grants a stay, the stay should be limited to the time the USPTO completes its initial review. Thus, the stay should not extend to any appeal to the BPAI or the Federal Circuit. In response, defendant agrees. According to defendant, only the patent owner can appeal the USPTO's determination. Thus, if plaintiff decides to forego its right of appeal and subsequently receives its reexamination certificate, then defendant agrees that the stay should be lifted.

Upon review, the Court finds that this issue is premature. The Court will address this issue if need be upon the filing of a motion to lift the stay after the initial reexamination proceedings are concluded by the USPTO.

### **CONCLUSION**

For the foregoing reasons, Medidata's Motion to Stay Litigation Pending Ex Parte Reexamination of the Patent-in-Suit (Doc. 30) is GRANTED. This case will be closed, but reopened upon immediate notification of either party after the conclusion of the reexamination process.

   IT IS SO ORDERED.


        /s/ Patricia A. Gaughan
        PATRICIA A. GAUGHAN
        United States District Judge

Dated: 12/16/11

Case: 1:11-cv-00458-PAG Doc #: 36 Filed: 12/16/11 11 of 11. PageID #: 611