**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DATATRAK INTERNATIONAL, INC.,

                Plaintiff,

v.

MEDIDATA SOLUTIONS, INC.,

                Defendant.

Case No.  1:11-cv-00458-PAG

Hon. Patricia A. Gaughan

**MEDIDATA'S OPPOSITION TO**
**<u>DATATRAK'S MOTION FOR RECONSIDERATION</u>**

## I.      INTRODUCTION

DATATRAK's request for reconsideration is seriously flawed, as it merely recycles arguments that the Court rejected the first time around.  As such, the request falls far short of satisfying any of the limited grounds on which courts in the Sixth Circuit have traditionally permitted motions for reconsideration.  The fact that the PTO has already granted reexamination and preliminarily rejected all 52 claims of the patent-in-suit only confirms that DATATRAK's motion is fundamentally misguided.  The Court should thus deny the motion for reconsideration (and the perfunctory motion seeking leave to file the same).

In addition, and pursuant to 28 U.S.C. § 1927 and Local Rule 7(i), the Court should award Medidata the costs and legal fees it incurred as a result of DATATRAK's improper and groundless filing.  It is well settled in this district that motions for reconsideration that "simply repeat[] the movant's earlier arguments, without showing that something material was overlooked or disregarded, presenting previously unavailable evidence or argument, or pointing to substantial error of fact or law" are frivolous.  *Miller v. Norfolk Southern Rwy. Co.*, 208 F. Supp. 2d 851, 854 (N.D. Ohio 2002).  That describes DATATRAK's motion for reconsideration perfectly, and an award of costs is thus fully warranted here.

## II.     FACTS

On October 28, 2011, Defendant Medidata filed in the USPTO an *ex parte* request for reexamination of the patent-in-suit.  On the same day, Medidata filed a motion to stay this action pending conclusion of that reexamination proceeding.

On November 14, 2011, DATATRAK opposed Medidata's motion to stay and presented arguments requesting so-called "alternate relief" (in the event the Court were to issue a stay despite its objections).  Among the "alternate relief" DATATRAK sought was "Granting Medidata's Motion, But Allowing Some Discovery to Proceed".  (*See* Dkt. No. 34 at Section

1

V(B).)  The gist of DATATRAK's argument on that point was as follows:

- Discovery on certain issues can and should proceed in parallel with reexamination proceedings without wasting the parties' or the Court's resources;

- DATATRAK believes that third parties have important discoverable information concerning, among other things, the "interoperability" of Medidata's Rave® System with other applications and data sources;

- Third parties have no obligation to preserve evidence for this action and are thus likely to abide by their own record retention policies; and

- As a result, important evidence may be lost / destroyed due to the passage of time during the reexamination proceedings.  *Id.*

On December 16, 2011, the Court granted Medidata's motion to stay, instructing that the case "will be closed" until conclusion of the reexamination proceedings.  In its decision, the Court specifically addressed (and rejected) DATATRAK's request to conduct limited discovery during the pendency of the reexamination proceeding, explaining that it was "not convinced that the *possibility* that third-parties might not retain evidence is a sufficient basis on which to require non-parties to participate in discovery of an otherwise stayed action.  This is especially so in light of the fact that the outcome of the reexamination proceedings might affect the nature and scope of all discovery."  (Dkt. # 36 at 9-10.)

Also on December 16, the USPTO granted Medidata's request for reexamination and issued a 72-page office action rejecting all 52 claims of DATATRAK's patent in light of the prior art references Medidata had submitted.

On December 30, DATATRAK filed its *Motion for Leave*, ostensibly seeking permission to file a *Motion for Reconsideration*.  The *Motion for Leave* is premised on the supposed "good cause" shown in the *Motion for Reconsideration* itself, which DATATRAK simply attached to and filed with the former without seeking leave *instanter*, without moving to reopen the case, and without awaiting any opposition from Medidata or ruling or guidance from the Court.  (*See*

Dkt. # 37, 37-1 & 37-2.)   The central premise of the *Motion for Reconsideration* is DATATRAK's contention that "there is far more than a mere possibility that highly probative evidence currently in possession of certain third parties – which would remain relevant and discoverable following virtually any plausible reexamination scenario – will be irretrievably lost[,]" thereby prejudicing DATATRAK.  No new evidence or newly decided law accompanied the motion, though DATATRAK relied on one court decision and some FDA regulations and guidance that it had not cited in its original papers opposing a stay.  DATATRAK also failed to identify the alleged "highly probative evidence" or to name the "certain third parties."

At footnote 3 of the *Motion for Reconsideration*, DATATRAK incorrectly stated that "as of the filing of this Motion, the Patent Office has yet to determine that reexamination of [sic] patent-in-suit is warranted in the first place." (Dkt. # 37-2 at 7, n.3.)  After Medidata notified the Court that the USPTO had in fact granted the request for reexamination and rejected DATATRAK's patent claims two weeks earlier, DATATRAK submitted a *mea culpa* "Supplement" to its argument in support of reconsideration.  In its Supplement, DATATRAK explained that its misstatement was inadvertent and then continued its argument for reconsideration, asserting that "the risk of loss of relevant third party evidence is entirely independent of and unmitigated by the [USPTO] Office Action." (Dkt. # 39.)

### III.    APPLICABLE LEGAL STANDARDS

Motions to reconsider are extraordinary and discouraged.  *Miller*, 208 F. Supp. at 853.  In the Sixth Circuit, a party seeking reconsideration of an interlocutory order should justify that request on one of the following three grounds:  (i) an intervening change of controlling law; (ii) new evidence available; or (iii) a need to correct a clear error or prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004).   Here, DATATRAK relies on only the last of those bases – prevention of "manifest

injustice." In this context, "manifest injustice" means "an error in the trial court that is direct, obvious, and observable." *In re Huth*, No. 10–65175, 5118450, at *2 (N.D. Ohio Bankr. Oct. 27, 2011) (burden is on "[t]he movant . . . to demonstrate that the underlying judgment caused them some type of serious injustice which could be avoided if the judgment were reconsidered.").

The courts in this district have repeatedly and forcefully admonished that the role of motions for reconsideration is <u>not</u> merely to renew, restyle, or re-hash arguments that a court already considered and rejected, nor to proffer a new theory or piece of evidence that could and should have been presented the first time around. *See, e.g., Miller*, 208 F. Supp. at 853; *Flexsys America, LP v. Kumho Tire U.S.A., Inc.*, 726 F. Supp. 2d. 778, 787 (N.D. Ohio 2010) (motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided."); *Banner v. Raisin Valley, Inc.*, 213 F.R.D. 520, 521 (N.D. Ohio 2003).

Accordingly, sanctions (under Rule 11 and/or 28 U.S.C. § 1927) should come as no surprise to parties and counsel who submit such motions without adequate justification. *Id.* ("[T]he basis for Pioneer's motion for reconsideration was an argument that it could and should have presented before my decision that Pioneer thereafter wanted reconsidered. . . . [T]he fundamental proposition that it is not the function of a motion for reconsideration to provide an opportunity to argue something that could have been argued before is neither novel nor new. . . . And that is the basis on which I conclude that sanctions are proper."); *Miller* 208 F. Supp. at 854; *see also Flexsys America, LP*, 726 F. Supp. 2d. at 787 & n.9; *Stanich v. Hissong Group, Inc.*, No. 2:09-cv-0143, 2010 WL 3732129, at *10-11 (S.D. Ohio Sept. 20, 2010) (sanctioning counsel, who "should have perceived the risk that their motion for reconsideration would needlessly multiply the proceedings" and thus violate 28 U.S.C. § 1927). *See also* Local Rule 7.1(i) ("Filing a frivolous motion . . . may result in the imposition of appropriate sanctions including

4

the assessment of costs and attorneys' fees against counsel and/or the party involved.").

## IV.    ARGUMENT

DATATRAK's motion blatantly violates these standards and should be denied accordingly.   Because the motion is frivolous and served to multiply these proceedings unreasonably and vexatiously, Medidata is entitled to an award of its resulting attorneys' fees and costs.[1]

### A.    DATATRAK's motion is groundless.

DATATRAK does not contend that an intervening change of controlling law warrants reconsideration of the Court's December 16 ruling.   Nor does it present any new evidence.   In fact, the only references to the applicable standards in the motion are (i) DATATRAK's statement that "prevent[ing] manifest injustice" is among the grounds warranting reconsideration, (Dkt. # 37-2 at 2), and (ii) its subsequent suggestion that the Court's denial of its request to seek third party discovery from a "half-dozen" unidentified third parties in a case that otherwise is stayed (based on an utterly speculative concern about so-called "loss of evidence") qualifies as "manifest injustice."    *Id.* at 8.   In reality, however, the ruling about which DATATRAK complains does not even approach the type of "direct, obvious, and observable" error that justifies reconsideration and/or reversal.   Indeed, the *Motion for Reconsideration* cannot fairly be viewed as anything more than the type of reiterative re-argument that this Court and others in the Sixth Circuit have criticized time and again.   As such, the Court should either

---

[1] DATATRAK's filing is also procedurally defective, as the submission of such an exceptional motion without seeking leave *instanter* is disfavored.   Such an approach obviates the threshold question whether the court will permit the motion for which leave to file is sought.   *See, e.g., Travelers Ins. Co. v. Buffalo Reins. Co.*, 735 F. Supp. 492 (S.D.N.Y. 1990) (contemporaneous filing was a "fundamental procedural defect"); *Kondrath v. Arum*, 881 F. Supp. 925, 927, n.2 (D. Del. 1995).   Here, the Court might reasonably have decided not to revisit arguments it already rejected (in a case it had already closed), but DATATRAK apparently treated that as an afterthought.

refuse to consider it or deny it on the merits.

In substance, DATATRAK's *Motion for Reconsideration* differs from its original argument seeking third party discovery in only the most minor respects.  Specifically,

(i)  it refers to FDA guidance and regulations concerning document preservation obligations that DATATRAK apparently believes may apply to some information in the possession of third parties from whom it wishes to obtain discovery here;[2]

(ii)  it cites a non-binding New York district court decision that it could have cited in its brief opposing Medidata's motion to stay;[3] and

(iii)  it quibbles with the Court's conclusion that the risk of losing evidence in the possession of third parties during the pendency of the stay here is merely a "possibility," contending instead that such risk is "great" and "far more than a mere possibility".[4]

Only a few points bear emphasis.  First, neither fact nor logic supports DATATRAK's repetitive request for non-party discovery.  For example, DATATRAK offers no evidence that any of the non-parties from which it would seek discovery in fact relies on any FDA regulation – *e.g.*, as opposed to its own, internal document management policies – as establishing the appropriate retention period for any information in its possession that would be relevant to this case.  Then again, DATATRAK has not even *identified* (except in the most general terms) the potentially affected non-parties, nor has it provided any reasonably precise description of the supposedly "limited" discovery it would seek about "how their systems . . . interact with Medidata's technology".  (Dkt. # 37-2 at 3.)  Likewise, DATATRAK has offered no reason to believe that Medidata itself is not in possession of the same evidence, or similar evidence

---

[2] *See* Dkt. # 37-2 at 4-5 & n.1&2.
[3] *Id.* at 5-6.
[4] *Id.* at 1, 8.

sufficient to avoid burdening such non-parties. There is thus no way to evaluate the reasonableness of the nature and scope of the non-party discovery DATATRAK contemplates.

Second, that problem is magnified by the fact that – contrary to DATATRAK's belief that such scenario is not "plausible" (Dkt. 37-2 at 2) – the patent-in-suit may not survive reexamination. As it now stands, DATATRAK must explain why the conclusions in the thorough and well reasoned December 16 USPTO office action (rejecting all 52 claims of its patent) are wrong. If it is unable to do so, the patent will be invalidated, this action will be dismissed, and any discovery – let alone non-party discovery – would be moot and unwarranted. In the meantime, the vague descriptions in DATATRAK's *Motion for Reconsideration* provide no meaningful basis on which to consider whether the "limited" non-party discovery it seeks makes sense vis-à-vis the likely scope of any patent rights that survive the reexamination.

Third, DATATRAK could and should have presented the first time around the "new" case law on which it now relies. In any event, however, that case (*Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ 5901, 2011 WL 873161 (S.D.N.Y. Mar. 14, 2011)) is easily distinguishable because the party seeking discovery during a litigation stay there had "made a showing that certain witnesses might be unavailable to testify when and if the stay is lifted." *Id.* at *2 (emphasis added) (rejecting movant's request for additional *document* discovery because no analogous showing had been made). Indeed, in a prior ruling in the same case the court explained that "Plaintiffs have identified specific witnesses whose deposition testimony could become unavailable during the pendency of the stay due to illness, old age, or lapse of memory." *See Tradewinds Airlines, Inc. v. Soros*, No. 08 Civ 5901, 2011 WL 309636, at *4 (S.D.N.Y. Feb.1 , 2011). DATATRAK has made no such concrete, particularized showing here. It has not

even tried.[5]

Ultimately, there is nothing in the *Motion for Reconsideration* – no evidence, no precedent, and no convincing argument – demonstrating that "manifest injustice" will occur if the Court does not revisit and reverse its prior ruling.  It simply is not credible to contend that refusing to allow DATATRAK to demand (unspecified) discovery from (unidentified) third parties in a case that is otherwise stayed pending completion of a patent reexamination (which thus far has resulted in rejection of all claims of the patent-in-suit), and without a showing that Medidata cannot itself provide the same or equivalent discovery, is an error so "direct, obvious, and observable" that reconsideration is warranted.

**B.      The Court should require DATATRAK to pay the costs Medidata incurred in opposing the motion to reconsider.**

DATATRAK appears to have overlooked the fact that, although the "manifest injustice" ground for reconsideration is intended to be a "catch-all" provision, "it is not meant to allow a disappointed litigant to attempt to persuade the Court to change its mind."  *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 809 (N.D. Ohio 2010) (O'Malley, J.).  Indeed, DATATRAK's *Motion for Reconsideration* presents at best a slight tweak on an argument that DATATRAK had every opportunity to present and in fact presented, and which the Court considered and rejected, already.  Where, as here, a motion for reconsideration simply repeats the movant's earlier arguments, the courts have not hesitated to impose appropriate sanctions, including under 28 U.S.C. § 1927(for unreasonably and vexatiously multiplying the proceedings). *See supra* at 4.

---

[5] In its *Motion for Reconsideration*, DATATRAK also cites a decision in a case styled *Whatley v. Nike*, 2000 U.S. Dist. LEXIS 5815 (D. Or. 2000), which it included in its November 14, 2011 opposition to Medidata's motion to stay.  (Dkt. # 34 at 13.)  There, a district court in Oregon denied a motion to stay filed by a plaintiff who had put its own patent into reexamination, in part because extensive discovery already had been completed and, as in the *Tradewinds Airlines* case, there was concern about "preservation of witness memories".  As such, Whatley provides no greater support for revisiting this Court's rejection of DATATRAK's request for third-party discovery than it provided the first time the Court considered the issue.

On that basis, Medidata requests that the Court require DATATRAK to pay the costs (including attorneys' fees) that Medidata incurred in responding to this frivolous *Motion for Reconsideration*.  If the Court agrees, Medidata will submit an itemized statement of costs and fees within one week of the Court's order.[6]

DATED:  January 13, 2012

<div style="margin-left:50%">

By:     *s/Janine A. Carlan*_____
David A. Schaefer (#0014297)
das@mccarthylebit.com
McCarthy, Lebit, Crystal & Liffman Co., LPA
101 West Prospect Avenue, Suite 1800
Cleveland, OH 44115
(216) 686-1422 (Telephone)
(216) 696-1210 (Facsimile)

Janine A. Carlan
carlan.janine@arentfox.com
Alec P. Rosenberg
rosenberg.alec@arentfox.com
Aziz Burgy
burgy.aziz@arentfox.com
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339
(202) 857-6000 (Telephone)
(202) 857-6395 (Facsimile)

*Attorneys for Defendant*
*Medidata Solutions, Inc.*

</div>

---

[6] If the Court believes it is necessary, Medidata is also willing to file a separate motion for sanctions.

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of ***Medidata's Opposition to DATATRAK's Motion for Reconsideration*** was electronically filed on January 13, 2012.  Notice of filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

<div align="center">

_____ *s/ Janine A. Carlan* _____

</div>