UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DATATRAK INTERNATIONAL, INC. | ) | CASE NO. 1:11-cv-00458 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | |
| MEDIDATA SOLUTIONS, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MOTION FOR LEAVE**

I. **INTRODUCTION**

Following the Court's December 16, 2011 Order of Stay (Doc. 36), Plaintiff, DATATRAK International, Inc. ("DATATRAK"), filed on December 30, 2011 a Motion for Leave to File Motion for Reconsideration as to Limited Third Party Discovery (Doc. 37) ("Motion for Leave"), seeking (self-evidently) ***the Court's permission*** to file a proposed Motion for Reconsideration as to Limited Third Party Discovery ("Motion for Reconsideration"). Pursuant to consultation with the Clerk's Office, the proposed Motion for Reconsideration and Memorandum in Support thereof were attached as exhibits to the Motion for Leave (Docs. 37-1,2).

DATATRAK understands that its Motion for Reconsideration is ***not*** before the Court, and ***will not be*** before the Court unless and until the Motion for Leave is granted. Nonetheless, for reasons of its own choosing, Medidata did not respond to the Motion for Leave, but elected to file, on January 13, 2012, a paper styled "Opposition to DATATRAK's Motion for Reconsideration" ("Opposition").

DATATRAK respectfully submits this Reply in Support of its Motion for Leave to reiterate its request that, for good cause, the Court grant same, and to respond to certain puzzling (and utterly unwarranted) contentions in Medidata's Opposition.

## II. INTERESTS OF FAIRNESS NECESSITATE DATATRAK'S REQUESTED RELIEF

### A. DATATRAK's Motion Is Not Duplicative.

Medidata's primary criticism of DATATRAK's motion is that, in Medidata's view, DATATRAK' motion "merely recycles" earlier arguments. Medidata overlooks the fact that **_no_** motion regarding third party discovery has heretofore been before the Court.[1] Rather, the issue of third party discovery arose only briefly in the context of Medidata's Motion to Stay. In responding to the plethora of issues raised in that motion, DATATRAK's primary objective -- and thus, the focus of DATATRAK's opposition brief -- was to defeat the requested wholesale stay of the case. Accordingly, DATATRAK's brief alternative request, in its opposition brief, for an exception to allow limited third party discovery to proceed was confined to only a few sentences. *See* DATATRAK's Opposition to Medidata's Motion to Stay Litigation (Doc. 34), at p. 13. Likewise, the Court's Order of Stay focused primarily upon **_Medidata's_** request for a wholesale stay, and only briefly addressed DATATRAK's alternative request. See Order of Stay (Doc. 36). In rejecting DATATRAK's request, the Court's Order appears to rely primarily upon arguments made by Medidata in its Reply in Support of its Motion for Stay -- *i.e.*, arguments to which DATATRAK never had an opportunity to respond.

Thus, the circumstances here are in marked and obvious contrast to the case on which Medidata chiefly relies, *Miller v. Norfolk Southern Railway Co.* 208 F. Supp. 2nd 851 (N. D.

---

[1] Indeed, as DATATRAK readily acknowledges, no motion regarding third party discovery is before the Court **_even as of this date_**, because the Court has not yet granted DATATRAK's Motion for Leave.

Ohio 2002). Therein, the motion for reconsideration was directed to a dispositive motion to dismiss on an issue that had previously been fully briefed by the parties and was the subject of "lengthy and detailed consideration" in the court's earlier opinion. Moreover, in *Miller*, the court expressly found that the motion for reconsideration "did not raise **_any_** argument that was not raised **_and considered_**" in the court's earlier order. *Id*. at 852 (emphasis added).

By contrast, here, Medidata has not disputed, and cannot dispute, that DATATRAK'S proposed Motion for Reconsideration brings additional facts, evidence and law to the Court's attention, which were **_not_** in DATATRAK's earlier opposition brief, and which were **_not_** considered in the Court's Order of Stay . *Compare* Opposition to Motion to Stay, Doc. # 34 at p. 13 to proposed Memorandum in Support of Motion for Reconsideration (Doc. # to 37-2) at pp. 3-8. Indeed, Medidata itself acknowledges that the reasons and authority underlying DATATRAK's Motion for Leave differ from the points previously raised in DATATRAK's Opposition to Medidata's Motion to Stay. Opposition at 6.

In sum, DATATRAK does not seek to relitigate issues previously decided. DATATRAK's Motion for Leave merely asks for the opportunity to present information not considered at an earlier stage. Moreover, notwithstanding Medidata's use of disparaging language, DATATRAK certainly is not "quibbling" with the Court regarding the degree of risk of loss of unique, probative evidence, but simply trying to present a more complete picture of the circumstances for the benefit of the Court's consideration. While acknowledging that the Court may or may not grant its Motion for Leave, DATATRAK respectfully (and adamantly) submits that it was filed for good cause and is not merely duplicative.

### B. DATATRAK's Requested Relief is Specific, Limited and Necessary.

Notwithstanding the invective in Medidata's Opposition, DATATRAK's Motion for Leave (including the Motion for Reconsideration and Memorandum in Support attached as exhibits thereto) was filed for good cause; it was not "groundless," "improper," "frivolous" or any of the other pejoratives Medidata unleashes in an attempt to impugn it (and DATATRAK). The Court's Order of Stay, if left unaddressed, would visit upon DATATRAK a "serious injustice which could be avoided if the judgment were reconsidered." *In re Huth,* No. 10-65175, 5118450, at *2 (ND Ohio Bankr. October 27, 2011). Medidata's disregard for the negative consequences to DATATRAK of that prospect does not -- cannot -- signify that DATATRAK's Motion for Leave lacks good cause.

Medidata's Opposition fails to acknowledge important reasons supporting DATATRAK's Motion for Leave, which were **_not_** previously briefed to the Court and which further demonstrate good cause to grant the Motion for Leave. For example, Medidata does not dispute that third parties, such as clinical trial sponsors, have possession of the specific types of records listed on p. 4 of DATATRAK's proposed Motion for Reconsideration, or that such parties are subject to specific record maintenance obligations that do not apply to Medidata. Medidata's suggestion that third parties may not follow such guidelines, and might instead follow their own internal document management policies, is both illogical and beside the point. Even if the third parties follow their own records retention policies, rather than the FDA guidelines regarding preservation of documents (which seems unlikely but might, of course, be shorter *or* longer), that does not mitigate the real and substantial risk of loss of such third-parties' evidence during the pendency of the stay of this case.

Medidata's further criticism based on the absence of a "precise description" (Opposition at 3) of the limited third-party discovery DATATRAK would seek is also unfounded. DATATRAK's proposed Motion for Reconsideration listed the types of records it seeks, (see Doc. 37-2, at p. 4), the types of entities from whom information is sought (*id.,* identifying "clinical trial sponsors and their service providers"), and the approximate number of parties from whom discovery is sought (*id.* at p. 7 (a "half dozen")). Medidata fails to acknowledge that it simply is not possible to identify with absolute precision (*e.g.*, by title) the particular records that any individual party will have. (Indeed, that illustrates why DATATRAK seeks leave to file its Motion for Reconsideration as to Limited Third Party Discovery.) In any event, if DATATRAK's Motion for Leave is granted, and if the Court believes more specificity is needed, DATATRAK is prepared to present proposed subpoenas to the Court identifying the specific third parties from whom discovery is sought, and the specific requests DATATRAK proposes to propound upon them.

Further, there is no indication that the types of information DATATRAK seeks would be found in Medidata's possession. (Nor has Medidata claimed it has the same evidence DATATRAK seeks from third parties.) As the Court is now familiar, the patent in issue in this case is directed to a system and method for unifying data. Important to proving infringement is both how information is put into the unifier, and how information comes out of the unifier. Information on one side of the unifier (*i.e.*, information in Medidata's possession) may tell part of that story, but is unlikely to provide the complete picture of how Medidata's accused Rave platform works. The risk of loss of the other half of that story is the risk that DATATRAK seeks to avoid in bringing its Motion for Leave.

Finally, in attempting to downplay the probative value of third party discovery, Medidata's Opposition assumes -- almost as a foregone conclusion -- that the patent in suit will not emerge from reexamination.  As set out on p. 9 of DATATRAK's opposition to Medidata's Motion to Stay, in general, the far more likely outcome of reexamination is ***confirmation*** of at least some of the claims.  Although Medidata tries to make much of the fact that the ***initial*** Office Action in the reexamination proceedings rejected the claims of the patent-in-suit, an initial Office Action is merely that.  DATATRAK will now have the opportunity to respond by, for example, traversing the examiner's rejections, submitting additional evidence of non-obviousness and/or narrowing the scope of select claims.  Moreover, whatever claims emerge from reexamination will necessarily be directed to the ***same*** subject matter as the underlying specification of the patent-in-suit -- *i.e*, systems and methods for unification of data.  Thus, under any likely outcome of reexamination, the limited, specific third party discovery sought by DATATRAK ***will*** be necessary.  In short, the issue as to third party discovery is not "if" it will occur, but rather "when" it should occur.  DATATRAK respectfully submits that any possible benefit resulting from postponing collection of third parties' unique and relevant evidence until the stay is lifted is clearly outweighed by the substantial risk of loss of that evidence during the intervene time period.

In sum, the relief sought by DATATRAK is limited, specific and necessary.  Accordingly, the interests of justice clearly provide good cause for granting DATATRAK's request.

### III. MEDIDATA'S REQUEST FOR FEES IS UTTERLY UNWARRANTED AND IMPROPER.

#### A. DATATRAK's Filing Was Made in Consultation with the Clerk's Office as to Appropriate Form and Suffers From No Procedural Defect.

Medidata's accusation that DATATRAK's Motion for Reconsideration was filed "without seeking leave *instanter*," Opposition at 2, is incorrect: DATATRAK's proposed Motion for Reconsideration was attached as an exhibit to DATATRAK's **_Motion for Leave_**. Moreover, DATATRAK specifically consulted with the Clerk's Office as to appropriate form before filing its Motion. Thus, Medidata's assertion that DATATRAK's filing is "procedurally defective" is also baseless. *See* Opposition at 5, n.1.[2]

As mentioned above, DATATRAK readily acknowledges that its proposed Motion for Reconsideration is not presently before the Court, and will not be before the Court, until and unless the Court grants DATATRAK's pending Motion for Leave. For reasons unknown to DATATRAK, Medidata elected, of its own accord, to draft and file an opposition to the former, even though it is not (yet) before the Court. As such, it is wholly unjustified and unfair for Medidata to request that DATATRAK bear the costs of Medidata's own election.

#### B. Medidata's Accusations Are Unfounded and Unsupported by Law.

In its attack on the Motion for Reconsideration attached to DATATRAK's Motion for Leave, Medidata contends that it is "improper" for DATATRAK to seek the reconsideration of any aspect of the Court's Order of Stay, since the reasons for such a request apparently fail to

---

[2] Medidata's position finds no support in the decisions it cites from district courts in other states. For example, in *Kondrath v. Erim*, 881 F. Supp. 925, 927 (Del. 1995), relied upon by Medidata, a local rule expressly prohibited filing a sur-reply brief without prior approval of court except under certain circumstances.

satisfy Medidata's view of what constitutes an injustice. Yet, even cases cited by Medidata in support of its argument demonstrate otherwise.

It is well-settled that motions for reconsideration are procedurally proper. For example, in *Rodriguez v. Tennessee Laborers Health and Welfare Fund*, 89 Fed. Appx. 949, 2004 Westlaw 237651 (6th Cir. 2004) the Sixth Circuit held that authority for considering such motions resides in both the common law and Federal Rule of Civil Procedure 59. *Id*. at 959 (citation omitted). The court further explained that the foregoing "authority allows district courts 'to afford such relief from [interlocutory orders] *as justice requires*,'" *id*. (emphasis added, citations omitted), noting that reconsidering an order, *inter alia*, to prevent manifest injustice "obviously vests significant discretion in district courts." *Id*. FN7. (Additionally, in explaining that a movant meeting the good faith standard under Rule 11 "has no ***right*** to reconsideration of an interlocutory order," *id.* (emphasis added), the court in *Rodriquez* certainly implied that a movant meeting that standard does not act improperly simply by ***seeking*** reconsideration.)

Similarly, in *Lonardo v. Travelers Indemnity Co.* 706 F. Supp. 2nd 766, 809-810 (N.D. Ohio 2010), the court explained that avoidance of manifest injustice necessitates the kind of analysis "that falls squarely within the discretionary authority of the court" (citation omitted). Therein, the court ***granted*** a motion for reconsideration, ***not*** because of any clear error or newly discovered evidence but rather, in the interest of ***fairness***, holding*:* "[I]t would be manifestly unfair" to deny relief sought in motion for reconsideration. *Id*. at 810. Thus, *Lonardo* also supports the propriety of DATATRAK's motion.

Needless to say, and as is evident from the foregoing authorities, *asking* a court to exercise its discretionary authority to determine that "justice" or "fairness" supports granting a motion for reconsideration in circumstances such as these is hardly improper. Moreover, it

obviously necessitates *presenting* such a motion in order to do so. At the appropriate time -- *i.e.*, if its Motion for Leave is granted -- DATATRAK is prepared to do so.

    C.    **Medidata's Request for Fees is Improper.**

To the extent Medidata seeks fees under Federal Rule of Civil Procedure 11, that argument is easily disposed of. Medidata made no attempt to comply with Rule 11 by serving a copy of its motion before filing it. *See* Fed. R. Civ. P. 11(c) (2); *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997)(the "safe harbor" provision is "an absolute requirement").[3] Nor has Medidata even attempted to specify how DATATRAK's filing even possibly runs afoul of the standard set forth in Rule 11.

Medidata's reliance on 28 U.S.C. § 1927 is also misplaced. 28 U.S.C. § 1927 authorizes a court to assess fees against an attorney for "unreasonable and vexatious" multiplication of litigation. *Id*. Medidata does not assert in its motion that DATATRAK or its counsel acted unreasonably or vexatiously. Nor could it. Where, as here, all that has been filed is a motion for leave to file a motion for reconsideration -- as to an issue which was not previously fully briefed, and which, if left unaddressed, could result in manifest injustice -- there is certainly no argument to be made that litigation has been unreasonably and vexatiously multiplied.

In sum, none of Medidata's invective and name-calling can justify its request for costs and fees. DATATRAK's Motion for Leave was filed for good cause and, if granted, DATATRAK will urge the Court to grant its Motion for Reconsideration. Even if the latter

---

[3] Notably, in each of the cases Medidata cites for the proposition that "courts have not hesitated to impose appropriate sanctions," Rule 11 procedures were properly followed. For example, in *Miller*, 208 F. Supp. at 845, the movant had been expressly invited by the court to withdraw its motion for reconsideration, before the prospect of sanctions was even entertained. Even though the movant declined to do so, and even though (unlike here) a Rule 11 motion had been properly put before the Court, the court opted not to award monetary sanctions. Medidata's additional cited authority also fails to support Medidata's sanctions request.

motion were denied, however, that does not signify that it was in any way brought improperly. Perforce, denial of a motion does not make it "frivolous," "unreasonable," or "vexatious."

IV.  **CONCLUSION**

DATATRAK's Motion for Leave (including the proposed Motion for Reconsideration attached as an exhibit thereto) was filed in good faith and for good cause. DATATRAK respectfully requests that the Motion for Leave be granted, whereupon it is prepared to file the Motion for Reconsideration as to Limited Third Party Discovery. DATATRAK further requests that Medidata's request for sanctions be denied.

> Respectfully submitted,
> By: /s/ Georgia E. Yanchar
> Daniel J. McMullen (0034380)
> dmcmullen@calfee.com
> Georgia Yanchar (0071458)
> gyanchar@calfee.com
> Mark A. Watson (0083232)
> mwatson@calfee.com
>
> CALFEE, HALTER & GRISWOLD LLP
> The Calfee Building
> 1405 East Sixth Street
> Cleveland, Ohio 44114
> (216) 622-8200 (Telephone)
> (216-241-0816 (Facsimile)
>
> Attorneys for Plaintiff
> DATATRAK International, Inc.

DATED: January 20, 2012

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed electronically on January 23, 2012. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I also certify that the foregoing Reply Memorandum in Support of Motion for Leave was served by email to counsel for Defendants on January 20, 2012.


/s/ Georgia Yanchar_____
One of the Attorneys for Plaintiff, DATATRAK International, Inc.