IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DATATRAK INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEDIDATA SOLUTIONS, INC., <br><br> Defendant. | Case No. 1:11-cv-00458-PAG <br><br> Hon. Patricia A. Gaughan |

**DEFENDANT MEDIDATA'S MOTION TO
COMPEL PRODUCTION OF DOCUMENTS REQUIRED BY L. P. R. 3.2(a) AND (b),
TO ENFORCE THE COURT'S JUNE 28, 2011 ORDER, AND FOR SANCTIONS**

As set forth in the accompanying memorandum in support of this motion, and the proposed Order, Defendant Medidata Solutions Inc. ("Medidata"), by and through its undersigned counsel, hereby moves the Court to enter an Order compelling Plaintiff Datatrak International, Inc. ("Datatrak") to search for and, if found, produce any documents in its possession, custody or control that are responsive to Local Patent Rule ("L. P. R.") 3.2(a) and/or (b), or if after a diligent search, no such documents are found, to confirm in writing that a diligent search was made, no such documents were found, and none are believed to exist. This motion also seeks reimbursement from Datatrak for attorneys' fees and costs incurred by Medidata in bringing this motion.

Pursuant to Local Civil Rule 37.1, counsel for Medidata certifies that it has attempted in good faith to resolve this dispute with Datatrak's counsel prior to filing this Motion, as set forth in the accompanying declaration of Michael J. Word and the exhibits thereto. In particular,

counsel for Defendant exchanged numerous letters and e-mails with counsel for Plaintiff in an attempt to resolve the dispute, (*See* Exs. 1-18), and the parties further held a telephonic conference on December 23, 2014 in a good faith effort to resolve the dispute. (Word Decl. at ¶¶ 21-23.) Despite these efforts, the parties were unable to resolve the issue of Datatrak's failure to produce documents pursuant to Local Patent Rules 3.2(a) and (b).

Under the Court's Case Management Order (D.I. 11), Datatrak was required to produce documents under L. P. R. 3.2 (a) and (b) by no later than July 12, 2011, but to date Datatrak has not produced a single document under Rule 3.2 (a) or (b).  Despite repeated requests from Medidata, Datatrak has failed to produce L. P. R. 3.2 (a) or (b) documents, and has not provided a date certain upon which it will comply with L. P. R. 3.2 (a) and (b).

This Motion is based on the preceding paragraphs of this motion, the accompanying Memorandum and exhibits thereto, the pleadings and papers on file in this action, the Word Declaration, any matters of which the Court may take judicial notice, any evidence or argument that may be presented at a hearing on this motion, and any other matters the Court deems proper.

Dated:  February 9, 2015

*/s/ Duane-David Hough*
Duane-David Hough
dhough@mayerbrown.com
B. Clayton McCraw
cmccraw@mayerbrown.com
MAYER BROWN LLP
1675 Broadway
New York, NY  10019
(212) 506-2500 | Tel
(212) 262-1910 | Fax

2

Michael J. Word
mword@mayerbrown.com
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 782-0600 | Tel
(312) 701-7711 | Fax

*Attorneys for Defendant Medidata Solutions, Inc.*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on February 9, 2015, the undersigned caused a true and correct copy of the foregoing to be served via electronic mail on all counsel of record listed below.

      Daniel J. McMullen
      Georgia Yanchar
      Mark A. Watson
      CALFEE, HALTER & GRISWOLD
      The Calfee Building
      1405 East Sixth Street
      Cleveland, Ohio 44114
      (216) 622-8200 | Tel
      (216) 241-0816 | Fax
      dmcmullen@calfee.com
      gyanchar@calfee.com
      mwatson@calfee.com

      */s/ Duane-David Hough*
      Duane-David Hough

714877494