UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Datatrak International, Inc.,** | ) | **CASE NO. 1:11 CV 458** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Medidata Solutions, Inc.,** | ) | <u>Order</u> |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon the Joint Motion to Vacate the Court's November 6, 2015 Order (Doc. 124). The motion is DENIED. On November 6, 2015, this Court issued a Memorandum of Opinion and Order invalidating plaintiff's patent and dismissing this action. Thereafter, plaintiff appealed the Court's decision to the Federal Circuit Court of Appeals. While on appeal, the case settled. The parties now jointly move to vacate the Court's dismissal order.

The Federal Circuit remanded this matter for the limited purpose of allowing the Court to consider whether vacatur is proper in light of *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnershp*, 513 U.S. 18 (1994). In that case, the Supreme Court held:

> ...[M]ootness by reason of settlement does not justify vacatur of a judgment under review. This is not to say that vacatur can never be granted when mootness is produced in that fashion. As we have described, the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course. It should be clear from our discussion, however, that those exceptional circumstances do not include the mere fact that the settlement agreement provides for vacatur which neither diminishes the voluntariness of the abandonment of review nor alters any of the policy considerations we have discussed. Of course even in the absence of, or before considering the existence of, extraordinary circumstances, a court of appeals presented with a request for vacatur of a district-court judgment may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b).

*Id*. at 29.

In this case, the parties do not address any element of Rule 60(b). Rather, they simply indicate that vacatur is proper because it would "serve the public interest since it facilitates a resolution of all the litigation between the parties and the dispute regarding this particular issue." In other words, the public interest is served by the settlement of this action. This is insufficient under *U.S. Bancorp Mortgage*. The parties do not point to any "extraordinary circumstance" that would warrant vacatur. Accordingly, the joint motion is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 2/3/16